adeleke v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-154-CR

SADIQ OLASUNKA ADELEKE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

On March 19, 1997, appellant Sadiq Olasunka Adeleke was convicted of aggravated sexual assault of a child under fourteen years of age.  He now appeals from the trial court’s order denying his motion for post-conviction DNA testing.  Appellant, through his court-appointed counsel, complains that the trial court erred by ruling that he was not entitled to DNA testing because the victim knew appellant.  In a pro se brief, appellant contends that he received ineffective assistance of counsel at trial and that his written confessions to the police were involuntary.
(footnote: 2)  We affirm.   

Article 64.03 of the code of criminal procedure sets forth the requirements that must be met before DNA testing can be ordered.  
Tex. Code Crim. Proc. Ann.
 art. 64.03 (Vernon Supp. 2004).  Among the requirements, a convicting court may order forensic DNA testing only if the court finds that the evidence still exists and is in a condition making DNA testing possible; the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and identity 
was or is 
an issue in the case.  
Id
. art. 64.03(a)(1).

The trial court’s findings of fact from the hearing state that appellant’s identity “was not or is not an issue in this case since he admitted to the sexual assault of his step-daughter.”  Appellant does not challenge the finding that he admitted sexually assaulting the victim.  Moreover, appellant’s written confessions show that he admitted touching the victim’s vagina with his penis and hand.

Appellant also has not shown that identity was ever an issue at trial, nor does the record before us reveal that it was an issue.  Furthermore, identity was not an issue on appeal from the judgment of conviction.
(footnote: 3)  
See id.
; 
Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002) (“Chapter 64 requires that identity ‘was or is’ an issue, not that future DNA testing could raise the issue.”).  On the other hand the State contends that the only issue at trial was whether penetration occurred.  
See Morris v. State
, 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. stricken) (holding trial court properly denied DNA testing where evidence showed appellant admitted sexual contact with victim but denied penetration and identity was never an issue at trial or on appeal from judgment).  Appellant does not challenge this contention.  

Accordingly, based on the record before this court, we hold the trial court did not err in denying appellant’s motion for DNA testing.  We overrule appellant’s sole point.  We also overrule appellant pro se’s supplemental issues arguing error from the trial that resulted in his conviction.  Because these issues raise error from his original trial and judgment, they are untimely presented to this court.  
See
 
Tex. R. App. P. 
26.2. 

We affirm the trial court’s judgment. 

PER CURIAM

PANEL B: SAM J. DAY, J. (Retired, Sitting by Assignment); DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  December 4, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
This court granted appellant pro se’s motion for leave to file a supplemental brief on October 8, 2003.

3:
In two issues on appeal from the judgment of conviction, appellant argued only that the trial court erred in limiting his cross-examination of a State’s witness and in allowing a defense witness to be impeached by a written statement that was not admitted into evidence.  
See Adeleke v. State
, No. 2-97-616-CR (Tex. App.—Fort Worth July 2, 1998, pet. ref’d) (not designated for publication).